

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00417-CV

_____

JEFF CRAWFORD, INDIVIDUALLY AND D/B/A J. CRAWFORD AGENCY; BLANDON BATTLES; ALISHA WILLIAMS; AND DEJONG ROBLOW, Appellants

V.

GRATEFUL DEVELOPMENT, LLC, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-331577-22

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellants Jeff Crawford, Individually and d/b/a J. Crawford Agency, Blandon Battles,[1] Alisha Williams, and Dejong Roblow attempt to appeal from a final judgment entered against them on July 19, 2023. Appellants filed a timely motion for new trial, then filed their notice of appeal on October 31, 2023.

Generally, a notice of appeal must be filed within thirty days after the date the judgment is signed, but certain post-judgment motions can extend that deadline to ninety days. *See* Tex. R. App. P. 26.1(a) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party files . . . a motion for new trial[ or] a motion to modify the judgment[.]"); *see also* Tex. R. Civ. P. 329b (stating that filing a motion for new trial or motion to modify extends the trial court's plenary power). An appellate court may grant an additional fifteen-day extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also* Tex. R. App. P. 10.5(b) (motion requirements). Thus, in a typical civil case, a party who wishes to appeal could take as long as 105 days from the date the judgment is signed to file a notice of appeal. *See* Tex. R. App. P. 26.1, 26.3; *Poard v. Webb*, No. 02-22-00262-CV,

---

[1]Appellants' notice of appeal appears to be defective because all claims between Appellee Grateful Development, LLC and Blandon Battles were severed from the underlying case on January 23, 2023. We notified Appellants of the defect and instructed them to file an amended notice of appeal that accurately lists the names of each party filing the notice on or before November 17, 2023. *See* Tex. R. App. P. 25.1(d), (e), (g), 37.1. Appellants did not file an amended notice of appeal.

2022 WL 3464863, at *1 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (per curiam) (mem. op.); *see also Jones*, 976 S.W.2d at 677 (citing former Rule 41(a)(2) of appellate rules and holding motion for extension of time may be implied); *Verburgt*, 959 S.W.2d at 617 (citing former Rule 41(a)(2) and holding motion for extension of time is necessarily implied when appellant, acting in good faith, files a document attempting to perfect appeal beyond time allowed by appellate rules but within fifteen-day period in which appellant would be entitled to move to extend filing deadline).

Because Appellants timely filed a motion for new trial, the notice of appeal was due no later than October 17, 2023. *See* Tex. R. App. P. 26.1(a); *see also* Tex. R. Civ. P. 329b(a) ("A motion for new trial . . . shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). Appellants filed their notice of appeal on October 31, 2023, within the fifteen-day grace period provided by Rule 26.3. *See* Tex. R. App. P. 26.3; *Verburgt*, 959 S.W.2d at 617. Thus, a motion for extension of time is necessarily implied. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. But Appellants were still required to provide a reasonable explanation for failing to file the notice of appeal in a timely manner. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. It is not enough to simply file a notice of appeal.[2] *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

---

[2]On October 31, 2023, Appellants filed in the trial court, "Defendants Motion to Extend Time to File Notice of Appeal." A trial court does not have the authority to extend the notice-of-appeal deadline. *N. Cent. Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 WL 983351, at *1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.)

We notified Appellants of our jurisdictional concern and instructed them to file a response providing a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* Tex. R. App. P. 10.5(b), 26.3(b). We warned Appellants that if they did not file the response by November 17, 2023, we could dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellants did not file a response.

Because Appellants did not provide a reasonable explanation for the failure to file a timely notice of appeal, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *see also Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 615.

Per Curiam

Delivered: December 21, 2023

---

(mem. op.); *Satterthwaite v. First Bank*, No. 02-20-00182-CV, 2020 WL 4359400, at *1 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.); *see* Tex. R. App. P. 26.3(b) (requiring that the motion to extend be filed in the appellate court). Notwithstanding the express language of Rule 26.3, Appellants' motion does not provide a reasonable explanation—or any explanation—for failing to file the notice of appeal in a timely manner.